UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VERA MULLER-PAISNER,                            :

              Plaintiff,                               :

              -v-                                       :

                                                        :

TIAA et al.,

              Defendants.                          :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/14

MEMORANDUM OPINION

03 Civ. 6265 (GWG)

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff has filed a motion (Docket # 146) that seeks an order disqualifying the undersigned from this case as well as other forms of relief.[1] Defendants should respond to the motion insofar as it seeks the other forms of relief. It is unnecessary for defendants to respond to the motion to disqualify, however, inasmuch as the Court can dispose of it without additional briefing.

      As an initial matter, plaintiff's motion is untimely given that it relies largely on circumstances stretching back many years. See Katzman v. Victoria's Secret Catalogue, 939 F. Supp. 274, 277 (S.D.N.Y. 1996) ("The Second Circuit has read a timeliness requirement into 28 U.S.C. § 455 by reading it in combination with 28 U.S.C. § 144, which expressly provides that a party moving for recusal make its motion in a timely fashion."). Plaintiff's reliance on the Court's recent refusal to grant the full extent of a requested extension certainly does not cure this defect, notwithstanding plaintiff's claim that the refusal prompted counsel to "review the entire case." See Declaration of Max Wild in Support of Recusal & Modifying Expert Report, dated Jan. 10, 2014 (annexed to Notice of Motion for Recusal and Other Relief, filed Jan. 10, 2014 (Docket # 144)) ("Wild Decl."), ¶ 4. Case law is clear that a motion for recusal must be made "at the earliest possible moment after obtaining facts demonstrating a basis for recusal." Lamborn v. Dittmer, 726 F. Supp. 510, 514 (S.D.N.Y. 1989). In addition to lapse of time, the factors to be considered are: "(1) whether the movant has participated in a substantial manner in trial or pre-trial proceedings, (2) whether granting the motion would represent a waste of judicial resources, (3) whether the motion was made after the entry of judgment, and (4) whether the movant can demonstrate good cause for delay." Raghavendra v. Trs. of Columbia Univ., 2012 WL 2878123, at *5 (S.D.N.Y. July 13, 2012) (citations and internal punctuation omitted). Here, the motion must be denied as untimely because plaintiff has participated in a substantial manner in pre-trial proceedings, granting the motion would represent a waste of judicial resources, and plaintiff cannot show good cause for delay.

---

    [1] Docket # 146 contains only a notice of motion without any accompanying papers. Nonetheless, the Court has reviewed the papers previously filed in support of this motion in ECF Docket # 144 and 145 (filings that have been rejected by the ECF system).

In addition, the motion fails on the merits. 28 U.S.C. § 455(a) provides that a judge must disqualify himself from a case where his "impartiality might reasonably be questioned." The relevant inquiry under this provision is: "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000). "[R]ecusal motions are committed to the court's sound discretion . . . ." Wright v. Comm'r, 571 F.3d 215, 220 (2d Cir. 2009) (citation and quotation marks omitted). To determine whether § 455(a) requires recusal, "the appropriate standard is objective reasonableness." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008). "Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009); accord United States v. Colon, 961 F.2d 41, 44 (2d Cir. 1992) (citation omitted). Also, as the Supreme Court has noted, judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994). Importantly, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988); accord In re Certain Underwriter, 294 F.3d 297, 302 (2d Cir. 2002).

Because plaintiff's papers argue that the Court has actual bias, see, e.g., Wild Decl. ¶¶ 4, 11. we begin by noting the Court in fact harbors no bias or prejudice against plaintiff or plaintiff's counsel. Indeed, from the Court's perspective, it has experienced cordial interactions with plaintiff's counsel at every court conference. Contrary to plaintiff's supposition, the Court does not "dislike" plaintiff's counsel. Id. ¶ 11.

On the question of whether an objective person would question the undersigned's impartiality, plaintiff's complaints rest solely on her speculation regarding the Court's motives and views of plaintiff's case. Notwithstanding plaintiff's use of inflammatory language like "punish[]" and "attack," Wild Decl. ¶¶ 10-11, plaintiff's allegations bear no relation to reality and any objective person considering the circumstances described in the affidavit could not reasonably conclude that the Court was biased against plaintiff. See generally United States v. Kendrick, 2013 WL 3968023, at *5 (W.D.N.Y. July 31, 2013) ("At best, counsel's affidavit sets forth grossly conclusory allegations stating what his client believes to be or have been this Court's mindset and mental machinations or processes involved in arriving at the decision."). It is unnecessary to explain in any exhaustive manner why an objective observer would reject the inferences sought by plaintiff. This is because the matters raised in counsel's affidavit relate exclusively to matters occurring during the course of proceedings – not to "extrajudicial" matters. See Chen, 552 F.3d at 227. As the Supreme Court has noted, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. To the extent plaintiff cites to statements of the Court

2

regarding the parties' legal positions in this case, any such statements were based exclusively on matters that occurred in the course of the proceedings.

No reasonable observer could conclude that the Court's rulings display a deep-seated "favoritism" to defendants or "antagonism" toward plaintiff. In support of her motion, plaintiff relies heavily on the fact that the Court's prior Opinion and Order was, in her view, incorrect and that it was reversed in part by the Second Circuit. But, as already noted, the Second Circuit has held that "adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality." See Chen, 552 F.3d at 227. This doctrine is equally applicable when the adverse ruling is later reversed by a reviewing court. The Court notes further what should be obvious: no objective person would conclude that a trial judge would be so "embarrassed" by a reversal of a decision by an appellate court that it would retaliate against the prevailing party. Wild Decl. ¶ 11. In the end, none of the facts adduced by plaintiff support her claims of impartiality. The application is so far from meritorious that not only has plaintiff been unable to cite to the Court a case that even remotely approaches the facts she presents here, she has not cited even a single case to support her application. Indeed, a mere cursory examination of the case law governing recusal would have demonstrated the utter lack of merit of her application. See, e.g., King v. First Am. Investigations, Inc., 287 F.3d 91, 96 (2d Cir. 2002) (motion to recuse properly rejected where judge accused plaintiff of abusing the judicial process, allowed the defendant to offer irrelevant and false testimony, referred to plaintiff as "paranoid" during the trial, accused plaintiff of "pulling a stunt," and pointed out that plaintiff lacked evidence to support a factual contention that plaintiff was not even required to prove).

While it is in the end irrelevant, inasmuch as plaintiff's own allegations do not show any reason to question the Court's impartiality, the Court notes that plaintiff has been the beneficiary of favorable rulings. To give but a few examples: (1) the Opinion and Order of which plaintiff complains denied summary judgment to defendants on the issue of whether they were fiduciaries, see Muller-Paisner v. TIAA, 881 F. Supp. 2d 579, 596 (S.D.N.Y. 2012); (2) plaintiff herself references a favorable discovery ruling from the Court, see Order, filed June 23, 2009 (Docket # 42); see also Wild Decl. ¶ 3; (3) the Court has granted numerous extensions that benefitted both parties, including extensions at the request of plaintiff's counsel, and at one point granted an extension based on a highly unusual reason offered by plaintiff's counsel at a time when the Court had announced there would be "no further extensions absent a formal motion showing extraordinary circumstances," see Endorsed Letter, filed Mar. 3, 2011 (Docket # 86); Endorsed Letter, filed Mar. 11, 2011 (Docket # 87). Since the remand from the Second Circuit, the Court granted an extension request specifically for the plaintiff's benefit. See Endorsed Letter, filed Aug. 12, 2013 (Docket # 131). Thus, the recent refusal to grant the full time period of an extension requested on behalf of plaintiff could not reasonably be viewed as being based on bias or antagonism.[2] Plaintiff also complains about the Court's December 12, 2013 order

---

[2] The Court notes that the December 26, 2013 application for an extension (Docket # 143) contained no explanation as to why plaintiff needed an extension of the January 3, 2014 deadline for the motion to expand her expert's report. The Court considered denying this aspect of the request outright but instead sua sponte granted plaintiff a one-week extension. Far from

3

(Docket # 142), see Wild Decl. ¶ 9, but this Order, which represented an effort to effectuate prior orders of the Court, admonished both parties for failing to comply with the previous Order, and therefore, did not demonstrate any favoritism to defendants or antagonism toward plaintiff.

One final point: although plaintiff's papers contain a lengthy description of the delays in this case, the Court will not comment on counsel's views as to who was responsible for the delays as this issue does not affect the disposition of the motion for disqualification. The Court highlights this aspect of plaintiff's submission only because it reinforces the Court's view that this case must be tried as soon as possible.

In sum, the motion for recusal (Docket # 146) is denied

SO ORDERED.

Dated: January 15, 2014
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

thinking it was "punish[ing]" plaintiff, Wild Decl. ¶ 10, the Court believed it was giving a benefit to plaintiff. Notably, plaintiff did not seek reconsideration of this ruling. Nor has she attempted to cure the deficiency described in the Court's ruling by making a new application containing a reason why she needed more time to file the motion.

4